# O'DONNELL *v.* BEECHNUT PACKING COMPANY.

### PROCESS; ISSUES OF FACT; WAIVER.

Where the affidavits in support of and in opposition to a motion to quash
the service of process raise an issue of fact, and the parties do not
waive a trial by jury, the motion should be denied, and, upon proper
plea, the issue submitted to a jury (following *Fischer* v. *Munsey
Trust Co.* 44 App. D. C. 212), and such a waiver by the party oppos-
ing the motion is not shown where it appears from the record that
he agreed to do so if the court would grant an oral hearing at which
he could introduce witnesses and cross-examine his opponent's wit-
nesses, but such an oral hearing was denied him, and the service was
quashed upon the affidavits filed by both parties and the cause dis-
missed for want of jurisdiction.

No. 2914.    Submitted October 5, 1916.    Decided November 14, 1916.

HEARING on an appeal by the plaintiff from an order of the
Supreme Court of the District of Columbia quashing the service
of process upon the defendant and dismissing the cause for
want of jurisdiction.                           *Reversed.*

The COURT in the opinion stated the facts as follows:

This appeal [by James O'Donnell] is from an order in the
supreme court of the District quashing the return of the service
of process, overruling appellant's motion for an order of service
upon appellee in the state of New York, and dismissing the
cause for want of jurisdiction.

The appellee, Beechnut Packing Company, is a nonresident
corporation, and the action is for an alleged violation of the
anti-trust law as amended.    Service of process was made upon
an alleged representative and agent of the company here, upon
the theory that appellee had been doing business in this District.
Thereupon appellee filed a motion to quash, alleging that it
did not conduct its business here, and, further, that the person

upon whom service was made was neither its officer, agent, or employee, within the meaning of the law relating to service of process upon foreign corporations. In support of this motion, affidavits were filed. Appellant then joined issue on each and every fact alleged in the motion and set forth in the affidavits accompanying it, and demanded "that same be inquired of by testimony orally taken before the court." Appellant further claimed "the right to cross-examine the several affiants whose affidavits accompanied the motion to quash, and also the right to produce testimony relative to the questions of fact raised by this joinder of said motion to quash." Thereupon, without waiving his motion to have oral testimony taken on the issue joined on the affidavits filed by appellee, "and without in any way waiving his right to cross-examine said affiants," appellant filed affidavits in answer to and in contradiction of those filed by appellee. Appellee then filed other affidavits tending to contradict those filed by appellant. Thereupon appellant moved to strike out said counter affidavits on the ground that if they were to be used he should be given the right to cross-examine the witnesses, and on the further ground that they were not admissible, because appellant was "entitled to have the question of process settled by due process of law." Appellant further moved the court to set for trial the issue raised by the original affidavits of appellee and the counter affidavits of appellant, "and have oral testimony taken before the court on the issue raised by said affidavits." These motions were severally denied and an order entered quashing the service. Thereupon appellant, without waiving his right to have witnesses produced, tendered himself "ready and willing to prove upon proper issue joined that the said defendant corporation is doing business in the District of Columbia," and moved the court to order service of process upon the appellee in the state of New York. This motion also was overruled and the cause dismissed.

*Mr. D. W. Baker* and *Mr. W. E. Leahy* for the appellant.

*Mr. A. A. Hoehling Jr., Mr. S. C. Peelle,* and *Mr. C. F. R. Ogilby* for the appellee, *Messrs. Graham & L'Amoreaux* being with them on the brief.

Mr. Justice ROBB delivered the opinion of the Court:

In *Fischer* v. *Munsey Trust Co.* 44 App. D. C. 212, we ruled that where the affidavits in support of and in opposition to a motion to quash service of process raise an issue of fact, and the parties do not waive a trial by jury, the motion necessarily must be denied, and that upon proper plea the issue should be determined by a jury. The ruling of the learned trial justice in this case was made before our decision in the *Fisher Case,* and evidently proceeded upon the theory that such issues should be determined by the court without the interposition of a jury, irrespective of the attitude of the parties.

That a sharp issue of fact was raised by the affidavits filed in this case cannot be doubted. This is not denied by counsel for appellee, but they insist that appellant waived his right to a jury. We are unable to accept this contention. The most that can be said is that appellant was willing to try the issue of fact before the court, providing he could have such a hearing as would be had before a jury; in other words, as specifically stated in his motion, providing he could introduce oral testimony and cross-examine witnesses. This right he insisted upon throughout, and it was denied him. It cannot reasonably be said, therefore, that he waived his rights.

We are of opinion, however, that a ruling on the question involved by appellant's motion for service in New York is premature. That question can be determined more intelligently after the issue of fact raised by the affidavits is settled.

The judgment must be reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.                    *Reversed and remanded.*